3-0-5-0 Robert H. Lary Jr. against the United States Postal Service. Mr. Prentiss. Good morning. May I please the court? I represent Robert Lary who is a 29-year veteran of government service. 18 of those years were with the United States Postal Service. Mr. Lary has a chronic condition that affects his breathing and affects his ability to get regular sleep and that caused problems with attendance at the post office. And he was ultimately removed in March of 2002. That was before us, right? The only question is whether he was diligent in pursuing his agreed remedy? The question is whether the United States Postal Service breached its obligations under the settlement agreement. We filed an appeal, we reached an agreement, and there were specific obligations of each party under the agreement. I think they agreed that they breached it, at least that they didn't do what they were supposed to do. That's right. There's no question there's a breach. I think Mr. Lary should have reminded them. Well, it's a question of whether the breach was material and you have to look at the bargaining position of the parties. Mr. Lary, just a working man, doesn't know disability retirement from really anything. But he had a lawyer, right? Right. Had a lawyer, government had a lawyer, government also had a human resources specialist that was assigned specifically to process disability retirement applications. Do you agree with the government that the documents that the government was obligated to supply under the settlement agreement were not necessary to the filing of the disability application? We do not believe that because the CONAT versus OPM case describes the supervisor statement, which is one of the documents that the agency was supposed to submit pursuant to this agreement, is a required document under the disability retirement application. Well, I don't think there's any question that these documents, or at least one of them, would have been required. The question is could Mr. Lary have filed a placeholder application and then completed it later? As I understand the government's contention that he could have filed a placeholder application for disability retirement that didn't include any of these documents. My question is, is that right? Well, no one advised Mr. Lary or his counsel on that fact. I understand, but is it right as a matter of law that Lary could have filed a placeholder application that would have satisfied the one-year requirement? Well, that may be true, but the fact is that the agency agreed to do certain things, and specifically the HR specialist said in her application or her declaration that normally employees approach her about a disability retirement application. And then she goes on to say that upon expression of interest, she supplies them with a disability retirement application. And that application would then spell out what they could do, what the minimal requirements are, what could have happened. Clearly, the settlement agreement that the parties reached was an expression of Mr. Lary's interest in disability retirement. And by the agency's own admission from their HR representative, she should have taken the steps to provide him with a disability retirement application packet in addition to the three documents that they promised but failed to provide. But in the OPM letter when they rejected your client's application, they also said you have not submitted any information in support of a waiver of the time limit. So am I incorrect, or did he also have another opportunity to come in then? I mean, besides Judge Dykes' point, which he could have filed a placeholder, even if he didn't know that when the OPM was telling him, couldn't he have come and did he go back to OPM and say, yeah, but you want to waive it because here's how things got messed up with my settlement agreement? Well, clearly the application was submitted after the one-year deadline, but that application was submitted with a letter that explained here's what happened. And when the OPM rejected it and said, you know, you haven't given an explanation, it's my understanding that that letter was limited to give us an explanation why we should waive the one-year deadline due to mental incompetency issues. I think it was limited just to that. We didn't have an argument that my client was mentally incompetent. It seems to me, and I'm a little confused, that here you seem to be arguing for relief that would require your client to be put on disability. I don't know what you can or can't do. I don't think it would be proper for us to ask that, and I think really the relief here is to just find the agreement breached and remand this back for a case on the merits. To reinstate his appeal. Reinstate his appeal, thank you. Which is what you asked for below. Yes, yes, that's correct. And frankly, Board Member Sappen completely understood our argument, and we obviously are asking that you affirm her opinion in this case in whole. There's also the argument about the, in addition to the three documents that the agency was supposed to supply, one of them is a disability retirement checklist that would tell my client exactly what he needed to support his application with and what documents were required and whether he could do a placeholder. That was the last document supplied more than eight months after the settlement and more than four weeks after we initially notified them, hey, you have breached your obligations and we are giving you a 30-day notice under the agreement that we intend to file a breach action. That was the last document they supplied. There are... Did they ever attempt to comply with their obligation to file the application? My client, like I said, he didn't understand the process. All he knew was that it took a long time, six to eight months. So seven months after the settlement agreement, he contacted us and contacted the agency and said, what's the status? And come to find out nothing has been done. The only thing the agency did right after the agreement was to rescind the removal and issue a new PS form 50 that explains his medical inability to perform but also referencing the MSPB order. Yeah, but part of the confusion was your client was under the assumption that they were going to do the whole thing for him. That's correct. And once he called or somebody called in February, he learned that no, indeed, the agency did not construe it as his responsibility. What I'm kind of confused about is why your client didn't turn around then and at least something changed that. And the agency didn't do anything wrong. You're not alleging that the fact that they didn't file the application for him was a violation of the settlement agreement, right? No. So he had enough time when he learned in February that indeed he had been mistaken and there was no obligation on the agency to file the application for him. Why he couldn't have very easily turned around and filed it himself? Well, we did contact the agency before the one-year deadline. That was the February contact. That's correct. And then on March 7th, March 6th, we requested the agency to supply the documents that you were supposed to supply eight months ago. On March 7th, they did supply a document before the deadline, and the document they first supplied was the supervisor's statement. And the supervisor's statement said, we could accommodate Mr. Larry. Had Mr. Larry submitted his application with that supervisor's statement, it would have guaranteed a denial. Yeah, but what you're saying is he didn't know that you could have filed a placeholder application without the documents. No one advised him of that. That was never set forth in the agreement, never discussed, but clearly the agency was in a position to know that, and the overall arching intent of the agreement was to facilitate his application for disability retirement. It was reasonable to expect that they would advise, here's what you have to do, even when he contacted them before the one-year deadline. They said, oh, well, all you have to do is write a two-line letter and send it to OPM. That was never done. But the problem for me is, wouldn't that apply in any case? So in every case we have where the applicant has failed to follow the timeframe in filing a disability claim, we could apply that same reasoning. Well, should we ask in all of those cases, did the agency tell him he doesn't have to file the whole thing, he just has to file a placeholder? And are you suggesting that the agency has some obligation to do that if not there's some liability on their part? No, what we're arguing is that the agency has an obligation to supply the documents that it agreed to supply. Mr. Leary lived up to his agreement by withdrawing the appeal, and an order of dismissal was entered a week after the settlement agreement. Mr. Leary did his part. The agency was to supply these three documents, and as Board Member Saipan noticed in her decision, that had the agency supplied these documents, then it would have taken its due course and the application would have been filed. Mr. Leary was under the mistaken belief that they were going to supply these documents and that would take care of it. He did not know the process. But it looks as though what the government should be arguing is that he had an obligation to mitigate by filing a placeholder application. But as I understand it, they never argued below that there was an obligation to mitigate. There's never been an argument to that to my knowledge, Your Honor. Clearly, Mr. Leary reasonably believed that he needed to do nothing more, and he waited to receive the documents that the agency was to supply, and that never came. And further, there was no good faith communication by the agency. There was going to be delay in providing the documents that they needed to file a placeholder application. There was just nothing in that time frame to delay it. The first document they supplied was the incorrect supervisor statement. That was within the time frame. We had to contact them and say, hey, this is completely wrong, and it took them almost a week to issue a corrected supervisor statement. Then we had to go back to the agency to say, okay, can you give us what we've asked for before, which is the certification of reasonable accommodation? They supplied that. Then we had to go back a third time after repeated requests to get the disability retirement checklist. All these documents were supplied well after the deadline  So we're arguing that that's a material breach, and we ask that this court remand the matter back and reinstate the appeal for a trial on the merits. I guess I'll reserve the remainder of my time for rebuttal. Thank you, Mr. Prentiss. Thank you. Mr. Donahue. Good morning, Your Honors. May it please the Court. As the Court noted during Mr. Prentiss' How can you possibly argue there was no material breach of the agreement here? These documents, whether or not he could file a placeholder application, in order to have a complete application to get his disability, he had to supply the documents that the agency was obligated to supply them, right? Here's the problem, Your Honor. Answer my question. Is that correct? No, Your Honor. It's not correct? The only thing, as the Court noted, that he had to do to file a placeholder application I'm not talking about a placeholder application. I'm saying in order to get disability benefits, he had to file a complete application. In order to file a complete application, he had to have the documents that the agency promised him, right? That is correct, Your Honor. So how can you possibly argue there's no material breach? Because the untimely filing of those supporting documents only would have gone to O.P.N.'s determination on the merits of Mr. Larry's application. Mr. Larry's application was never considered on the merits, and that was solely because Mr. Larry failed to file a timely application. Let me ask it another way. Which of the agency's obligations under the settlement agreement did the agency live up to? Here the agency undertook its obligation to remove certain items from Mr. Larry's official personnel file that would have gone to what O.P.N. may have looked at as part of its determination on the merits. And the Postal Service also, and there's no question here, provided the check to Mr. Larry's attorneys for attorney's fees in this case. The two obligations that Petitioner points to are relevant only to, and the reason we believe it's not material is because the two issues that Petitioner identified only would have gone to O.P.N.'s determination on the merits. Are you telling us those were the only obligations? I'm sorry, I don't understand the question. The obligations that you just recited. Are the only ones that the government undertook in that settlement? There were only a handful of obligations in the agreement, Your Honor. That's what I asked. Are those, have you left any out? Because I'm about to read a sentence to you. I am astounded that you're ignoring it. The agency will complete the agency's certification of reassignment and accommodation efforts and disability retirement checklist within two weeks of this agreement being fully executed. You're pretending that's not there? I don't understand how you can come here and ignore the letter of this commitment. No, Your Honor, I misunderstood the question. What I thought the question was, what obligations did it undertake? Here it's clear, and the Postal Service concedes, that it did not fulfill its obligation in that regard. And what are the consequences of that failure? We know if the shoe were on the other foot, it would be fatal. So what are the consequences when the government doesn't meet its clearly stated obligations? Here, Your Honor, the reason that, the problem with Petitioner's argument is that, What are the consequences of failing to meet this contractual obligation? If it's a material breach, then the consequences would be that the agency's in breach of the settlement agreement. But what we would argue is that the breach was not material because it didn't have any effect. If it's not material, then he should have had no problem at all with processing his retirement application. And that's, Your Honor, where the fault has to lie completely with Petitioner here. Because the only thing he had to do was file an application within a year. And it could have been a letter or anything indicating to either the Postal Service or OPM, that he intended to file for disciplinary application, and it would have been timely. And if the OPM would have really breached the issue on the merits, then in that case, if the Postal Service had somehow failed to comply, then it could have been considered a material breach. Here, OPM never reached that issue because it only resolved the case on the untimeliness issue. And there's one thing that Petitioner's counsel suggested during his argument that I actually found significant, which is that he indicated that Mr. Larry did express his interest to the Postal Service. If that's actually the case, and there's nothing in the record that indicates as much, You're saying the settlement agreement is not an expression of interest? Well, that's the point, Your Honor. If that was an expression of interest, that's an argument that Petitioner's counsel could have made to OPM to explain that no, OPM, the application wasn't untimely. In fact, we did express our expression of interest to the Postal Service that we intended to file for disability. And for that reason, OPM's finding that it's untimely is incorrect. Petitioner, though given two opportunities to do so, did not tell OPM your finding's incorrect. Instead, it passed on the opportunity to explain the situation to OPM. So because Petitioner had several opportunities to arguably at least try to mitigate the damages or the problem resulting from the government's breach, that makes the government's breach not material? I think that's correct, Your Honor, because the problem we have here is that Aren't you confusing material breach and mitigation? Did you argue mitigation below? We did not, Your Honor. The issue we're arguing here is that it's not material, and that's because Petitioner attempts to do this in his brief to create a link between the Postal Service failure to meet its obligations and the OPM's determination solely on untimeliness grounds. And that's something that he simply can't do. So I enter into a settlement with you. You're about to fire me. And I enter into a settlement, and it's five what any normal person would think were innocuous things. I mean, you're going to send me a letter tomorrow. You're going to send me a letter five days from now. You're going to return my jacket, blah, blah, blah. So there are five things. There are no long-term consequences of failure. But the agency refuses to comply with any of those five things for two years. Are you saying that in that case he has no recourse because there's no material breach? Because the obligation is on me to come and show how somehow I suffered harm because of that, that I could have mitigated it because I could have gone out and bought my own jacket so I wouldn't need it? I mean, so government breaches the agreement in its entirety. Why is that different? And you would argue then that there's no material breach? No, in that situation, Your Honor, certainly I couldn't argue that that wasn't a material breach. What I'm merely suggesting here is that the ultimate underlying determination we have here is that OPM found the application was untimely. And that's the only thing that prevented Mr. Larry from filing a disability application. So you're saying that the definition of material, in order for it to be material, he has to have suffered some major time harm at the end that he could not have mitigated through actions of his own. And in the absence of that, there's no material breach. That's correct, Your Honor. I think there has to be some sort of harm in order to define a material breach. Well, we know he's harmed, right? His school's out for him in terms of seeking this remedy. Correct, Your Honor, and I would suggest that the only reason that there's harm here is simply because his counsel did not follow up with OPM to explain what had happened. If Petitioner had followed up with OPM, there is a possibility here that OPM would have said, okay, it was timely. Now, we're told that he wrote a letter and said what happened. There's a discrepancy in the record about that, Your Honor, and I'm glad you asked that question. Ms. Volkler's affidavit, this is the attorney who was representing Mr. Larry at the time, clearly indicated in her affidavit that she was going to send a letter to OPM. However, there is no indication, whether it be in her affidavit or anywhere else in the record, that in fact any sort of explanation was provided. And, in fact, in the absence of Ms. Volkler actually saying that she did, and there's certainly no indication from the Postal Service HR specialist that any explanation was given to her, the only inference that we can draw from the record is that no explanation was given. Did she deny that the record was barren, or were you just saying that it just hasn't been produced? There's no indication and nothing's been produced indicating that Mr. Larry ever provided an explanation to OPM why his application was untimely. And you're saying, therefore, the breach is excused? Yes, Your Honor. And the interesting point of that, Your Honor, is that the fact that any explanation was provided to OPM is belied by their correspondence back to Mr. Larry asking him on two different occasions to show cause why we shouldn't find his application untimely. And Petitioner did not respond to either of those requests from OPM to do so. Had he indicated at that time that he had indeed expressed his interest to the Postal Service within a one-year period, OPM may have proceeded on the merits to the determination of his disability application, but only because Petitioner didn't provide that explanation. OPM was never in a position to reconsider its decision at the time. Do you have orders to show cause? Are they in the record? One letter is in the record, Your Honor. That's the August 26th letter. The July 1 letter, which was the first letter which indicated that it was on the grounds of untimeliness, is not in the record. Then how can you rely on it? There are two references in the record, both coming from Petitioner. But you didn't put it in the record? The Postal Service didn't receive a copy of that letter, Your Honor. That letter would have been addressed solely to Mr. Larry. Then how do you know it was there? Because in the record there are two references, one being in Ms. Voeckler's affidavit and the other one being in Mr. Larry's affidavit, stating that in early July he received a letter from OPM. So you're relying on it, although it's not in the record? Well, I think I'm relying on Petitioner's concession that he in fact received a letter in early July saying that his application was untimely and we need to show cause. The Postal Service doesn't have a copy of that letter. In fact, I never received one. I'm sorry, I thought you said he didn't respond. Now you tell us that he wrote and said that he had a letter saying he needed to show cause. No, Your Honor, he received two different letters from OPM asking him to show cause. He responded to neither one. What I'm suggesting is the Postal Service did not have a copy of the early July letter. In fact, the first time it saw a copy of the August 26 letter, which also asked him to show cause, was as part of Mr. Larry's petition for enforcement to the Board. The Postal Service was never in a position to have those letters until the present case was instituted before the MSPB. And maybe in that case, if it had received those letters, it could have assisted Mr. Larry in arguing to OPM that in fact the application wasn't untimely. Well, I guess you could have assisted him in arguing it was timely once this proceeding began before the MSPB, too, right? Well, the problem with that... But you continually resisted it once you knew the facts, right? The problem with that, Your Honor... Is that correct? That is correct. But those arguments needed to be made to OPM, not to the MSPB. And the proper procedural avenue the petitioner needed to follow... Well, you could have asked to have it sent back to OPM to reconsider it, right? You could have stipulated to that relief, right? We could have, Your Honor. And the petitioner never took steps to bring the issue before OPM. It thought that that door was closed and it never made efforts to do so. I think it's significant in this case, Your Honor, that the petitioner had the opportunity to give the explanation to OPM and simply didn't do so. Why is it significant? I'm not understanding that. What's the significance of that? Because the proper procedure, and part of this goes to what Mr. Larry asked for, whether an application is untimely needed to be resolved by OPM. And, therefore, what petitioner could have done is challenged that decision, the untimeliness decision to OPM. But why is he barred from asserting a breach of the settlement agreement? Because he could have and didn't raise the issue before OPM. He's certainly not, Your Honor. But the problem that he has is that the relief he seeks can't be awarded by this court because of the procedural avenue that he chose. But he just clarified for us, at least when he was standing here, did you not hear him? That he said they're not seeking putting Mr. Larry on disability. That what they're seeking is that you send it back and reinstate the MSPB appeal. Right. So that can be provided, right? That's absolutely correct, Your Honor. And that's the relief that this court can grant. What I was suggesting through my argument is that if there was some sort of error made by the OPM, he could have challenged it there. And, in fact, as illustrated by this court's decision in Harris, what could have happened then is that an MSPB proceeding could have been brought before the same administrative judge to resolve both OPM's resolution of his disability retirement application and the underlying removal by the Postal Service. Petitioner declined to go down that avenue. Wait, I don't understand. What avenue is that? OPM denies it because they say it's untimely. Correct. He's provided them a letter trying to explain it. Well, he has, Your Honor. He never provided an explanation to try to explain why it was untimely. Okay. And then what could he do procedurally? He can challenge the denial based on timeliness grounds? Correct. He could have explained to OPM that he, in fact, did express his intention to the Postal Service within a year. About what? It has to do with whether the Postal Service breached the agreement. Does it have anything to do with that? I think, Your Honor, that it does because there's no link here between the harm and the Postal Service failure to fulfill its obligations under the agreement. Okay. Thank you, Mr. Donohue. Thank you. Mr. Prentice? A couple of points. I think the agency is arguing that an expression of interest is equivalent to filing a disability retirement application. I don't think that's the case. I may be wrong on that, but as far as providing OPM an explanation, Appendix Page 53, Ms. Volker's affidavit, clearly says that she, talked to OPM, they advised providing a written explanation of the delay, and on paragraph 17, she says she was going to submit a letter explaining the delay. So there's no dispute that she didn't supply the letter. I think it's essentially admitted that she did supply the letter, and it was rejected. The agency talks about what the appellant or petitioner could have done after the breach. Well, clearly the argument can be turned on its head that what the agency could have done is what it promised to do, which it didn't. Had it done that, then the appellant or petitioner could have filed the disability application in a timely manner, and we wouldn't be here today. I don't think there's any argument that the breach was material in the fact that they failed to supply the documents. Additionally, that PS form 50 that they referenced, the MSPB order of dismissal, that's arguably a breach on its own, but clearly it's not contemplated by the settlement agreement, and it certainly didn't advance the overall cause or purpose of the settlement agreement, which was to obtain disability retirement, and the agency had to know that including that reference is going to hinder the process. The failure to provide the documents, when they did supply the documents, it was the wrong document, and then repeated requests by the petitioner to get the rest of the documents, and with the PS form 50 including the reference to the MSPB order of dismissal, I think the agency fought us every step of the way. Their argument that we were untimely, that there's no breach because, or it was immaterial because we didn't timely file is akin to, let's say I promised you Redskins tickets and the game comes and I don't deliver them, or even I give you a counterfeit ticket before, but you don't get into the game, and then you come complaining to me and I argue, well, it doesn't matter because the game's over. The agency had obligations under the agreement. They failed to live up to them. My client's been harmed. We ask that the MSPB appeal be reinstated, and we proceed with the trial on the merits. Okay. Thank you, Mr. Prentice. Thank you very much. Case is taken into submission. Thank you.